RECEIVED BY MAIL
JUN 9 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

United States District Court
Eastern District of Missouri
Eastern Division

United States of America

v.

Daniel Ray Warren #41473-044
SSN) XXX-XX-1475
Petitioner, Pro Se

Related Case Number:

1:13CR110SNLJ

## Defendant's Emergency Motion for Compassionate Release

Daniel Warren is an almost 70-year old military veteran with chronical medical conditions. He has had asthma most of his life, and suffers from Type II diabetes, hyper-tension, and has severe comprehension and thought processing disabilities as a result from a 2007 stroke. Daniel is 30% disabled from the U.S. Army after serving 21 years. Daniel, however, embodies five categories of conditions listed on the CDC's website as high risk. Mr. Warren has already contracted COVID-19 from the over populated and tight living quarters at FCI Forrest City, AR.

Daniel was hospitalized and placed on a ventilater around the end of March 2020 and almost died.

Daniel asks that this Court find that the risk of death to Daniel at his fragile age and the risk of contrating COVID-19 again amounts to an "extraordinary and compelling" circumstance that warrants compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mr. Warren has exhausted his administrative grievances as of this date.

(1)

# Background

## I. Case History

Daniel was convicted after a trial by jury in July, 2014 and was sentenced on 10/14/14 in the Eastern District of Missouri, Eastern Division by Judge Limbaugh of the crimes of 18 U.S.C. § 2252A (A)(5)(B) and § 2252A (A)(2). Daniel was sentenced to 210 months of imprisonment and to 10 yrs supervised release. Daniel began servise of this sentence of imprisonment on 7/15/14. All fines and restitution have been paid.

Daniel filed a direct appeal in July, 2014 and was denied in January, 2016. Daniel has not filed any post-conviction remedies and did not seek review by the Supreme Court.

Daniel Warren is a first time offender and has never been arrested before.

## II. The spread of COVID-19 at FCI-Forrest City places Daniel Warren at severe risk.

The spread of COVID-19 has led the President of the United States to declare a national emergency. The declaration reflects, among other factors, the ease with which the disease spreads, the facts that those who have the disease may not even realize it, severe consequences for citizens with certain medical backgrounds, and current and projected shortages of equipment and personnel able to treat victims of the virus. Which FCI Forrest City has all of these issues and has moved into the 2nd place for infected prisons in the BOP.

Daniel's medical conditions and age (67) places him

at a severe risk of death. Mr. Warren has already contracted COVID-19 and is affraid without the social distancing and the self quarantine he is facing a death sentence without being convicted of a crime with this punishment.

Most of Daniel's medical conditions are discribed in the presentence investigation report. Some of these illnesses are controll[ed] by daily medications also listed in Mr. Warren's BOP Medical file. According to the CDC, Daniel's asthma, serious heart condition, TYPE II Diabetes, and age places Daniel at "High-risk for severe illness from COVID-19."

There are approximately 600 inmates and 20 staff who have tested positive for COVID-19 at FCI Forrest City-Low.

III. Daniel has a suitable release plan.

If released, Daniel will reside with his daughter Kathy Jagelouiez at her home on 309 E. 6th Street in Caruthersville, Missouri 63830. Daniel and Kathy will take all necessary precautions outlined by the CDC and the govenor. Daniel will also follow all rules and conditions by this Court and the U.S. Probation Office.

Daniel will have access to medical care through the VA or any other private medical facilities he requires. Daniel's family is willing to provide the necessary assistance during this transition.

# Argument

The Court should grant compassionate release to Daniel. The compassionate release statute authorizes the sentencing court to reduce a prisoner's sentence if: "(i) extraordinary and compelling reasons warrant such a reduction" or "(ii) the defendant is at least 70 years of age" and meets other criteria. 18 U.S.C. § 3582(c). In evaluating whether there are extraordinary and compelling circumstances, the Court considers the policy statements of the sentencing guidelines. See id. If there is an extraordinary and compelling circumstance, then it consults the § 3553(a) factors to determine whether (and what) reduction is appropriate.

## I. This Court possesses the statutory authority, and should modify Daniel's sentence due to his age, medical condition, and the threat of death posed by COVID-19.

### A. "Extraordinary and Compelling reasons" justify releasing Daniel.

This Court should join the many courts that, in recent weeks, have found that the combination of the COVID-19 pandemic and inmates' health conditions constitute "extraordinary and compelling" reasons to grant compassionate release. These courts have found that the ever-increasing risk of COVID-19 to the inmates' life provide "extraordinary and compelling reasons" justifying compassionate release. See e.g. United States v. Edwards, NO: 6:17-cr-3-NKM, R.134 (Apr. 2, 2020) ("Had the Court

(4)

known when it sentenced Defendant in 2018 that the final 18 months of his term in federal prison would expose him to a heightened and substantial risk presented by the COVID-19 pandemic on account of Defendant's compromised immune system, the Court would not have sentenced him to the latter 18 months"); United States v. Hernandez, NO: 18-cr-20474, R. 41 (S.D. Fla. Apr. 2, 2020)(granting unopposed motion for defendant with cancer and immunosuppression and just under 12 months left to serve on 39 month sentence). The list of examples could go on for pages, and the cases are growing daily.

B. The § 3553(a) factors also justify compassionate release for Warren.

Given that §3582 is a claim-processing rule and that grave risk to health qualifies as "extraordinary and compelling," the Court has discretion to reduce the sentence for compassionate reasons, upon consideration of the §3553(a) factors. See 18 U.S.C. §3582(c)(1)(A). In weighing those factors, the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." Id. §3553(a)(2). Here, these factors weigh in favor of release.

Daniel has been punished. He has been away from his home and his family since he was arrested in July of 2014.

He has been incarcerated at FCI Forrest City Low since he arrived in 2014. Daniel has lost his home, job and most importantly his beloved wife of 42 years who past away in 2019. A former war vetran and respected American patriot, he is now, at age 67, a convicted felon who will likely be on the sex offender registory for life.

Granting compassionate release would ensure that the punishment remains just. This Court never intended for Daniel to serve a life sentence.

Denying this motion is not necessary to protect the community or achieve deterrence. As noted, Daniel has no criminal history. To the contrary, he has had an admirable and extraordinary life dedicated to service of his country.

Furthermore, Mr. Warren does not request a complete release free and clear from all restrictions. He will automatically be subject to computer monitoring based on conditions of his supervised release. The Court can also order that he participate in any virtual drug treatment and counseling offered by U.S. Probation Services. Daniel can be placed on home confinement or electronic r.i..,,1,,,,. ¥""),Jcq,,,),ki c.f "slev 11s be.woJJd/.vw1 's<J.,...e been in prison.

Compassionately releasing Daniel with strict conditions will not pose a significant risk to the community and does not undermine the goals of just punishment, deterrence, and promoting respect for the law. On the other hand, the current sentence cannot provide him with "medical care... in the most effective manner," 18 U.S.C. § 3553(a)(2)(D) To the contrary, the extraordinary

compelling circumstances of the COVID-19 pandemic put him at greater risk of death and the greatest risk of spreading it to other inmates, staff, and the broader community.

### Conclusion

For these reasons, and in light of the entire record Daniel Warren respectfully requests that the Court grant him compassionate release to include a modification of the Special Conditions of his supervised release that he remain on home confinement at his residence in Caruthersville, Missouri.

### Verification

I have read the foregoing "Defendant's Emergency Motion for Compassionate Release" and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas, on this 2nd day of June, 2020.

/s/ Daniel Warren
Petitioner, Pro Se

Jeffrey Manley
Jeffrey Manley
Pro Se Clerical Prisoner-
Assistant to Daniel

## Certificate of Service

I certify under the penalty of perjury that the foregoing "Defendant's Emergency Motion for Compassionate Release" was placed in the prison's internal mail system, postage prepaid, for service upon this Court via U.S. mail on this 2nd day of June, 2020 to the Clerk of Court and serve the Petitioner with a stamped and filed copy of this motion.

/S/ Daniel Warren
Petitioner, Pro Se

Jeffrey Manley
Pro Se Clerical Prisoner -
Assistant to Daniel

Daniel Warren
#41473-044
P.O. Box 9000-Low
Forrest City, AR
72336

Legal Mail

U.S. Courthouse
555 Independence Street
Cape Girardeau, MO
63701



RECEIVED BY MAIL
JUN 9 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU